IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HAVEN DAVIS,
       Petitioner,

vs.                             Case No.:  5:12cv385/RS/EMT

MICHAEL D. CREWS,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 6).  Respondent filed a Motion to Dismiss Claim Three of the Amended Petition for Writ of Habeas Corpus as Untimely and Answer to Petition for Writ of Habeas Corpus and Order to Show Cause (doc. 26).  Petitioner filed a reply (doc. 29).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.       BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 26).[1]  Petitioner was charged in the Circuit Court in and for Calhoun County, Florida, Case No. 2006-CF-28, with one count of sale or delivery of cocaine within 1000 feet of a school, a first degree felony (Count I), and one count of possession of less than 20 grams of

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 26).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

marijuana, a first degree misdemeanor (Count II) (Ex. A at 5A). Following a jury trial on February 22, 2007, he was found guilty as charged (Ex. A at 57, Ex. C). Petitioner was sentenced as a habitual felony offender ("HFO") to twenty (20) years of imprisonment on Count I, with pre-sentence jail credit of 128 days, and time served on Count II (Ex. A at 114–20, Ex. D).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-1914 (Ex. F). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*). Petitioner filed a pro se initial brief (Ex. G). The First DCA affirmed the judgment per curiam without written opinion on June 4, 2008, with the mandate issuing July 1, 2008 (Exs. H, I). Davis v. State, 983 So. 2d 581 (Fla. 1st DCA 2008) (Table). Petitioner did not seek further review.

On July 10, 2009, Petitioner, through counsel, filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J at 1–20). In an order rendered August 17, 2009, the state circuit court struck four of Petitioner's eleven claims as facially insufficient, without prejudice to Petitioner's filing an amended motion within thirty days (*id.* at 21). Petitioner filed amendments to the four claims identified by the court (*id.* at 22–29). The state circuit court summarily denied some of Petitioner's claims, ordered an evidentiary hearing on others, and determined that Petitioner was entitled to a new sentencing hearing on his claim that the sentencing judge had previously prosecuted him for a different offense (*id.* at 161–67). Following the evidentiary hearing (Ex. L), the court denied the claims that were the subject of the hearing (Ex. K at 291–94). In a judgment rendered June 8, 2011, Petitioner was resentenced, by a different judge than the original sentencing judge, to the same sentence of twenty (20) years of imprisonment but without the HFO designation (Ex. K at 296–302, Ex. M). Petitioner appealed the circuit court's decision on the Rule 3.850 motion to the First DCA, Case No. 1D11-4433 (Ex. P). The First DCA affirmed the judgment per curiam without written opinion on September 11, 2012, with the mandate issuing September 28, 2012 (Exs. R, S). Davis v. State, 105 So. 3d 524 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant federal habeas action on November 21, 2012 (doc. 1). He filed an amended petition on February 2, 2013 (doc. 6).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19.  In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to"

_____

[2] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim. Moreover, where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See* Henderson v. Campbell, 353 F.3d 880, 890 n. 15 (11th Cir. 2003).

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams, 529 U.S. at 409.  Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it.  Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); cf. Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.'"  Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011)).  The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  See Gill, supra at 1291 (citing Harrington, 131 S. Ct. at 786).  Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  See Harrington, 131 S. Ct. at 786; see also Gill, supra, at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's

rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see e.g. Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. See Gill, 633 F.3d at 1292. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. Id.

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. See Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows

that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III.     EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," id., 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

---

[3] Section 2254 provides, in pertinent part:

(b)(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
          (A)  the applicant has exhausted the remedies available in the courts of the State; or
          (B) (i)  there is an absence of available State corrective process; or
                 (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. Id., 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. Id.

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert

---

[4] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id., 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . .

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. Id.

.," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly

unfair manner.  Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.  Id.  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  Id.

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

*Id.* Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in evaluating the reliability of a petitioner's proof of innocence. *See* McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019 (2013). As the Court stated in Schlup, "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]." 513 U.S. at 332; *see also* House, 547 U.S. at 537.

Within this framework, the court will review Petitioner's claims.

IV.    PETITIONER'S CLAIMS

Ground One: "Trial counsel was prejudicially ineffective for failing to inform Mr. Davis of the habitualization causing the involuntary rejection of the five year plea contrary to the Sixth and Fourteenth Amendment [sic] of the United States Constitution."

Petitioner asserts the State did not notify defense counsel of its intent to seek HFO designation until after trial and prior to sentencing (doc. 6 at 3–4; doc. 29 at 2–4). Petitioner contends counsel had a duty to investigate Petitioner's possible penalties, including possible sentence enhancements, prior to trial (*id.*). Petitioner asserts if he had known prior to trial of the State's intent to seek HFO designation, he would have accepted the State's plea offer of five (5) years and received a sentence of less than the 20-year sentence he received (*id.*).

Respondent contends the state court's adjudication of this claim was not contrary to or an unreasonable application of clearly established federal law (doc. 26 at 8–13).

        1.    Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687–88. If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697.

"The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). The focus

of inquiry under the performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688–89. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. If the record is not complete regarding counsel's actions, "then the courts should presume 'that what the particular defense lawyer did at trial—for example, what witnesses he presented or did not present—were acts that some lawyer might do." Jones, 436 F.3d at 1293 (citing Chandler, 218 F.3d at 1314–15 n.15). Furthermore, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Counsel's performance is deficient only if it is "outside the wide range of professional competence." Jones, 436 F.3d at 1293 (citing Strickland, 466 U.S. at 690); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). "[T]here are no 'absolute rules' dictating what reasonable performance is . . . ." Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions.'" Id. (quoting Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. See Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693). However, the Court has also clarified that a petitioner need not demonstrate it "more likely than not, or prove by a preponderance of evidence," that counsel's errors affected the outcome. Strickland, 466 U.S. at 693–94. Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694.  Indeed, it would be "contrary to" the law clearly established in Strickland for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence.  Williams v. Taylor, 529 U.S. at 405–06.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  Strickland, 466 U.S. at 698; Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999).

> 2.       Federal Review of State Court Decision

Petitioner raised this claim as Ground 6 in his Rule 3.850 motion (Ex. J at 11–12, 24–25). The state court held an evidentiary hearing on this claim (Ex. L).  At the evidentiary hearing, Mr. Sombathy, one of Petitioner's attorneys, testified that in his first telephone conversation with Petitioner, Petitioner told him that the State offered a plea deal of seven (7) years in prison, but he would not accept it (*id.* at 29–30, 35–37).  Mr. Sombathy testified that after he deposed several witnesses, he sent Petitioner a letter on October 9, 2006, informing him that the State offered a plea deal of five (5) years in prison (*id.* at 29–34).  Mr. Sombathy testified the letter also advised Petitioner that the maximum penalty for the first degree felony charged in Count I was thirty (30) years in prison, and based upon Petitioner's criminal history, Sombathy opined there was a "good chance" Petitioner would be sentenced close to thirty (30) years if he lost at trial (*id.*).  Mr. Sombathy testified Petitioner's reaction to the State's 5-year offer "was not favorable. He didn't like it." (*id.* at 32, 35).  Mr. Sombathy's letter to Petitioner was admitted into evidence at the hearing (*id.* at 32, 34).  Sombathy testified he had no indication that the letter was not delivered to Petitioner (*id.* at 37).

Mr. Arrowood, the attorney who succeeded Mr. Sombathy as Petitioner's counsel, testified he also advised Petitioner of the statutory maximum sentence he could receive (Ex. L at 45–46).  Mr. Arrowood also testified Petitioner was adamant in his desire to go to trial and not take a plea offer (*id.* at 46–47).  Arrowood testified he did not receive notice of the State's intent to seek HFO designation until after trial and before sentencing (*id.* at 44–45, 47–48).

Petitioner testified he was not advised of the statutory maximum until the sentencing hearing (Ex. L at 23).  He testified he had never seen the October 6 letter from Mr. Sombathy, and never

received it (*id.* at 20, 53). Petitioner's testimony regarding his knowledge of plea offers was inconsistent. He first testified he was advised of a 10-year plea offer prior to trial, but on cross-examination, he testified he did not learn of that offer until after trial (*id.* at 13, 19).

The state circuit court found as fact that the testimony of Mr. Sombathy and Mr. Arrowood was convincing, that Petitioner was notified by both attorneys prior to trial of the statutory maximum sentence he could receive (Ex. K at 294). The court also credited counsel's testimony that Petitioner was not interested in taking a plea offer (*id.*). The court determined that Petitioner failed to show that counsel was ineffective for failing to advise him prior to trial of the potential for HFO designation, because the 20-year HFO sentence he received was less than the 30-year statutory maximum of which Petitioner had been advised (*id.* at 294). Petitioner appealed this issue to the First DCA (Ex. P at 19–21). The appellate court affirmed the lower court's decision without written opinion (Ex. R).

"Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review." Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011); *see also* Gore v. Sec'y for Dep't of Corr., 492 F.3d 1273, 1300 (11th Cir. 2007) (noting that while reviewing court also gives a certain amount of deference to credibility determinations, that deference is heightened on habeas review) (citing Rice v. Collins, 546 U.S. 333, 341–42, 126 S. Ct. 969, 163 L. Ed. 2d 824 (2006) (stating that "[r]easonable minds reviewing the record might disagree about the [witness'] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination")). Federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983); *see also* Baldwin v. Johnson, 152 F.3d 1304, 1317 (11th Cir. 1998); Smith v. Kemp, 715 F.2d 1459, 1465 (11th Cir. 1983) ("Resolution of conflicts in evidence and credibility issues rests within the province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."). Questions of the credibility and demeanor of a witness are questions of fact. *See* Consalvo, *supra* (citing Freund v. Butterworth, 165 F.3d 839, 862 (11th Cir. 1999) (en banc)). The AEDPA affords a presumption of correctness to a factual determination made by a state court; the

habeas petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e).

Here, Petitioner failed to show by clear and convincing evidence that the state court's credibility determination with regard to the testimony of Mr. Sombathy ad Mr. Arrowood was unreasonable. According to their testimony, Petitioner was advised prior to trial that he could receive a 30-year sentence if he rejected the State's plea offers and proceeded to trial.[7] Petitioner actually received a 20-year sentence.[8] In light of the fact that Petitioner rejected the State's 5-year plea offer when he knew he could receive a 30-year sentence, Petitioner failed to show a reasonable probability he would have accepted the 5-year offer had he known he could receive the HFO-enhanced 20-year sentence. Therefore, Petitioner failed to demonstrate that the state court's adjudication of the claim was contrary to or an unreasonable application of <u>Strickland</u>.

B.     <u>Ground Two: "Defense counsel's failure to file a motion to disqualify presiding judge, who had prosecuted Mr. Davis in prior case, constituted i.e. [sic] Sixth Amendment to the United States Constitution. Ineffective assistance of counsel."</u>

Petitioner contends the state court properly granted post-conviction relief on his claim that defense counsel was ineffective for failing to seek disqualification of the judge who presided over his criminal case; however, he contends the state court erred in granting a new sentencing hearing instead of a new trial (doc. 6 at 4–5).

Respondent contends the issue of whether a state court judge is subject to disqualification in a state court proceeding is a matter of state law, as is the issue of the appropriate remedy for a violation of Florida's disqualification statute (doc. 26 at 13–17). Respondent contends the state post-conviction court did not unreasonably apply clearly established federal law in determining the remedy for Petitioner's success on his ineffective assistance of counsel claim; therefore, Petitioner is not entitled to federal habeas relief on this claim (*id.*).

1.     Clearly Established Federal Law

The <u>Strickland</u> standard, set forth *supra*, governs Petitioner's claim.

---

[7] Florida law provides that the maximum sentence that may be imposed on a first degree felony, which is the classification of Petitioner's offense in Count I, is thirty (30) years. *See* Fla. Stat. § 775.082(b).

[8] HFO designation permits the court to impose a sentence of life imprisonment for a first degree felony. *See* Fla. Stat. § 775.084(4)(a)1.

Case No.: 5:12cv385/RS/EMT

2.      Federal Review of State Court Decision

Petitioner raised this claim as Ground 1 in his Rule 3.850 motion (Ex. J at 3–4). The state circuit court adjudicated the claim as follows:

> In Ground 1, the Defendant claims that his counsel provided ineffective assistance in failing to file a motion to disqualify the presiding judge, the Honorable Hentz McClellan, asserting that Judge McClellan had prosecuted him in a prior case. The Defendant relies upon *Goines v. State*, 708 So. 2d 656 (Fla. 4th DCA 1998) and provided the local case of *State v. Purvis Watson*, Calhoun County case number 06-255 CF/07-117 CF, as supplemental authority.
>
> Judge McClellan did, in fact prosecute the Defendant in a prior case when he was an Assistant State Attorney in Calhoun County, before becoming a judge. The Court's records reflect that he was the prosecutor in *State v. Haven O. Davis*, Calhoun County case numbers 99-225 CF and 99-226 CF. (*See* attached Informations in those cases, signed by then ASA McClellan). Judge McClellan also represented the State in the violation of probation hearing in those case numbers that occurred in 2001. (*See* attached VOP hearing Transcript).
>
> As in the *Purvis Watson* case, there is no dispute that the sentencing judge in the Defendant's case was the Assistant State Attorney who signed the prior felony Information in the Defendant's case (and in this case, who represented the State in the violation hearing). As the Court noted in the *Watson* case, "Thus a prudent defendant would have a reasonable fear that he might not receive a fair trial or sentencing on these facts. Therefore, if trial counsel had filed the proper motion, disqualification would have been required." (*See* *Purvis Watson* order, included in the Defendant's Notice of Filing of Supplemental Authority). As the Fourth DCA concluded in *Goines*, "We conclude that in the absence of a reasonable tactical decision not to do so, it constitutes ineffective assistance not to seek disqualification on the grounds revealed in this case, which plainly show a reasonable fear of judicial bias." In the instant case, it appears that either filing a motion for disqualification or securing an on the record waiver may have been overlooked due to multiple attorneys being assigned to the case at different times. Since there is no available on the record waiver to be found, a reasonable prudent counsel would have secured an on the record waiver of any conflict.
>
> However, the Defendant has demonstrated an entitlement to a new sentencing hearing, but not to a new trial. In *State v. Thompson*, 990 So. 2d 482 (Fla. 2008), the Florida Supreme Court reviewed a conflict between the 4th and 2nd DCAs in *Goines*, *supra*, and *Kleppinger v. State*, 884 So. 2d 146 (Fla. 2d DCA 2004) on the one hand, and the 1st DCA in *Thompson v. State*, 949 So. 2d 1169 (Fla. 1st DCA 2007), on the other, over the appropriate standard for determining prejudice with regard to an ineffective assistance of counsel claim based upon counsel's failure to

disqualify the presiding judge. The Florida Supreme Court held that the *Strickland* standard applied to these claims. What is notable about the Supreme Court's *Thompson* decision for the instant case is that, while the Court rejected the State's argument that *Strickland* required the Defendant to show that the actual outcome of the proceeding would have been different but for counsel's error, *Id.* at 490, it also rejected the Defendant's argument that it should set aside his convictions, which were based upon a jury's verdict. *Id.* at 491. Given the language in cases that the Defendant is not required to show actual prejudice, that trial judges have extensive discretionary authority at sentencing, and the appearance and risk of judicial bias can render the result of a proceeding fundamentally unfair, the Court finds that a new sentencing hearing should be conducted. <u>*See*</u> *Thompson*, *supra*, at 490; *Goines*, *supra*, at 660–661; <u>*see also*</u> *Purvis Watson* opinion.

(Ex. J at 161–62). Petitioner appealed the decision to the First DCA (Ex. P at 11–16). The First DCA affirmed without written opinion (Ex. R).

Petitioner failed to demonstrate a reasonable probability that the jury would have had a reasonable doubt respecting his guilt if defense counsel had sought disqualification of Judge McClellan, the judge who presided over the criminal case. Therefore, he failed to show that counsel's error rendered the result of his trial unreliable or fundamentally unfair. In the absence of a showing that counsel's error prejudiced the trial itself, Petitioner failed to demonstrate that the state post-conviction court's failure to grant a new trial, as opposed to just a new sentencing hearing, was contrary to or an unreasonable application of <u>Strickland</u>.

Additionally, to the extent Petitioner argues here, as he did in state court, that the issue is not the state court's application of <u>Strickland</u>, but whether the remedy to which he was entitled under state law was a new trial (*see* Ex. K at 285–87, Ex. P at 11–16), this court need not decide whether the state courts were correct in determining that Florida law did not require a new trial. A federal habeas court will not question the Florida courts' application of state law. *See* <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Further, this court's habeas review under § 2254(d) does not concern application of the federal recusal statute or federal judicial canons because they do not govern state judges. *See* 28 U.S.C. § 455(a); *see also* <u>Davis v. Jones</u>, 506 F.3d 1325, 1332 (11th Cir. 2007). Moreover, this court will not consider whether the Due Process Clause required a new trial, because Petitioner did not present, either to the state courts or this court, a claim that Judge McClellan's presiding over his

criminal case violated the Due Process Clause; nor did the state courts' decisions in the Rule 3.850 proceedings allude to the federal constitutional standard for disqualification of judges.

Petitioner failed to demonstrate that the state courts' adjudication of his ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law. Therefore, he is not entitled to federal habeas relief on Ground Two.

      C.    <u>Ground Three: "The trial court denied Mr. Davis [ ] due process of the law under the Fourteenth Amendment of the United States Constitution when she failed to attach the records that refute Mr. Davis [sic] facially sufficient claims."</u>

Petitioner asserts the state post-conviction court's summary denial of four of his post-conviction claims (Grounds III, V, VIII, and X of this Rule 3.850 motion) was erroneous, because the claims were facially sufficient and not refuted by the record (doc. 6 at 5). Petitioner asserts the state court failed to attach portions of the state court record that refuted his claims, as required by Florida law (*id.*).

Respondent contends this claim is subject to dismissal as untimely (doc. 26 at 3–7). Respondent asserts Petitioner's conviction became final on September 2, 2008, and although Petitioner's original federal habeas petition was filed within the one-year deadline of § 2244(d), his amended petition was not (*id.*). Respondent contends Ground Three does not relate back to Petitioner's original petition, and is therefore untimely (*id.*). Respondent additionally contends even if the court deemed Ground Three timely, it pertains to an alleged error in the state post-conviction proceedings, which is not a basis for federal habeas relief (*id.* at 17–18).

In Petitioner's reply, he asserts Ground Three is not untimely (doc. 29 at 1–2). He reasserts his argument that state post-conviction court denied him due process by summarily denying four of his claims without attaching portions of the record that refuted them (*id.* at 7–8).

Respondent's timeliness argument is based upon the assertion that Petitioner's conviction became final on September 2, 2008. However, it is undisputed that Petitioner was resentenced and a new judgment was rendered on June 8, 2011. The judgment on resentencing was the judgment that triggered the federal limitations period. *See* <u>Burton v. Stewart</u>, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review. . . .'"); *see also* <u>Ferreira v. Sec'y Dep't of Corr.</u>, 494 F.3d 1286 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for

purposes of AEDPA's statute of limitations when petitioner is resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on resentencing was judgment which triggered federal limitations period, because judgment is based on both conviction and sentence).  Additionally, the federal limitations period was subject to statutory tolling during the pendency of the Rule 3.850 proceeding, pursuant to 28 U.S.C. § 2244(d)(2), which concluded on September 28, 2012, the date of the First DCA's mandate.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  Petitioner's amended federal petition, filed February 2, 2013, was thus timely.

However, the claim asserted in Ground Three states no basis for federal habeas relief.  The Eleventh Circuit has repeatedly held that defects in state collateral proceedings do not provide a basis for habeas relief.  *See* Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) (citing Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam)).  The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself—and thus habeas relief is not an appropriate remedy.  *Id.* (citing Quince, 360 F.3d at 1261-62; Spradley, 825 F.2d at 1568).  Moreover, such challenges often involve claims under state law—for example, Florida Rule of Criminal Procedure 3.850, which governs the availability of, and procedures attendant to, post-conviction proceedings in Florida—and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).

Because of this bar to relief, the Eleventh Circuit has stated it is "beyond debate" that a state court's failure to conduct an evidentiary hearing on a post-conviction motion or failure to attach to its opinion denying relief those portions of the record on which it relied, does not constitute a cognizable claim for habeas relief.  *See* Carroll, 574 F.3d at 1365 (citing Anderson, 462 F.3d at 1330).  Therefore, Petitioner is not entitled to habeas relief on the due process claim asserted in Ground Three.

D.     <u>Ground Four:  "Defense counsel failed to investigate to prove that Blountown Elementary School was more that 1000 feet away from the GOCO convenience store in violation of the Sixth and Fourteenth Amendment [sic] of the United States Constitution."</u>

Petitioner asserts he informed defense counsel that the school property was actually 1010 feet away from the parking lot where the drug sale occurred; therefore, the State could not prove the "within 1000 feet of a school" element of Count I (doc. 6 at 5–6). Petitioner contends defense counsel was ineffective for failing to investigate the distance between the drug transaction and the school (*id.*).

Respondent contends Petitioner did not present this claim to the state court; therefore, the claim is unexhausted and procedurally defaulted (doc. 26 at 18–22).

In Petitioner's petition, he asserts he raised Ground Four in his Rule 3.850 motion (doc. 6 at 6). In his reply, he appears to argue any procedural default was caused by ineffectiveness of his post-conviction counsel; therefore, he is entitled to review of his claim pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012) (doc. 29 at 2).

The state court record demonstrates Petitioner did not present the ineffective assistance of counsel claim asserted in Ground Four to the state courts (*see* Ex. J at 3–18).[9] Further, any attempt to return to state court would be futile, because a second Rule 3.850 motion would be properly dismissed as successive, pursuant to Rule 3.850(f). Therefore, Ground Four is procedurally barred from federal review, unless Petitioner establishes he is entitled to review under an exception to the procedural bar.

Petitioner argues the procedural default does not bar this court from considering his claim, because his counsel was ineffective during the post-conviction proceeding. The Supreme Court held in <u>Martinez</u>, that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . ." when (1) "the state courts did not appoint counsel in the

_____

[9] In Ground VIII of Petitioner's Rule 3.850 motion, he argued defense counsel performed ineffectively <u>during trial</u> by failing to adequately move for a judgment of acquittal on the ground that there was insufficient evidence that the drug sale occurred within 1000 feet of school property (*see* Ex. J at 14–15, 25–26). However, that claim is distinct from his claim that counsel performed ineffectively <u>prior to trial</u> by failing to conduct pre-trial investigation of the distance between the drug sale and school property. Similarly, Petitioner's claim on direct appeal, that the State failed to present sufficient evidence that the drug sale occurred within 1000 feet of school property (*see* Ex. G) is distinct from his ineffective assistance of counsel claim.

initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland [v. Washington, 466 U.S. 668 (1984)]." Martinez, — U.S.—, 132 S. Ct. 1309, 1318, 182 L. Ed. 2d 272 (2012). In such instances, the habeas petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.*

In the instant case, Petitioner has not shown that his ineffective assistance of trial counsel claim asserted in Ground Four had some merit. To demonstrate he was prejudiced by trial counsel's failure to investigate the distance between the drug sale and the school property, Petitioner must show there is a reasonable probability the result of his trial would have been different if counsel had investigated. Deputy Bryant testified he measured from the elementary school sign to the location of the drug sale in the parking lot of the GOCO convenience store, and the distance was 360 feet (Ex. C at 116–17).[10] Petitioner's allegation that he told counsel that the parking lot of the GOCO store was 1,010 feet away from school property is insufficient to show that counsel acted unreasonably by failing to investigate the distance. Florida law does not require that the measurement be taken from the school building itself. *See* Everett v. State, 579 So. 2d 394 (Fla. 3d DCA 1991) (measurement taken from school's fence line); McKinney v. State, 640 So. 2d 1183 (Fla. 2d DCA 1994) (measurement taken from soccer field); Stamps v. State, 620 So. 2d 1033 (Fla. 2d DCA 1993) (property in question must "comprise" school, not merely be owned by school, and "boundaries" of school consists of contiguous tracts owned by school, none of which are separated from one another by any intervening tract having a different owner). Petitioner does not allege the existence of any evidence that the school's sign was not on property comprising the school. Therefore, he failed to show that investigation of the distance would have resulted in evidence favorable to the defense such that counsel acted unreasonably in failing to investigate.

Petitioner failed to exhaust Ground Four, and he failed to demonstrate that his post-conviction counsel was ineffective for failing to raise Ground Four in the Rule 3.850 motion. Therefore, he is not entitled to federal review of Ground Four.

---

[10] As previously discussed, Petitioner argued on direct appeal that the evidence was insufficient to satisfy the "within 1000 feet of a school" element (Ex. G). The First DCA affirmed the conviction, thereby rejecting Petitioner's argument.

## V.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the amended petition for writ of habeas corpus (doc. 6) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10<u>th</u> day of February 2014.


                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M.  TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**